Barnes *v.* Taylor.

---

ISAAC BARNES and others

*v.*

JOHN L. TAYLOR and others.

1. That a purchaser under foreclosure proceedings takes possession, by mistake, of more lands than the mortgage covers, does not render him a trustee and liable for compound interest on the sums received by him while in such possession; nor does the fact that his wife is a tenant in common with the actual owners, make him a trustee, and, as such, liable.

2. Taxes and the costs of necessary repairs by the defendant, allowed in accounting.

3. If a partition be prayed, and all the parties (all being *sui juris*) agree as to the divisibility of the premises, it may be ordered, although the master reports adversely. Lands not described in the bill, must not be included in the master's report. A survey of the premises will not be ordered unless shown to be clearly necessary. Where the master was required to report a description of the premises to be divided,

a statement that the lots are Nos., &c., giving the numbers on the map on a city atlas, without more or further description, is insufficient. He should describe them.

Bill for relief.   On exceptions to master's report.

*Mr. S. D. Dillaye*, for complainants.

*Mr. J. S. Aitkin*, for defendant, J. L. Taylor.

THE CHANCELLOR.

Exceptions to the master's report were filed and brought to hearing by the complainants and by the defendant, Dr. Taylor   To consider, first, those of the complainants :   The bill was filed against Dr. Taylor and his wife, to establish a trust in Dr. Taylor in favor of the complainants, in regard to land mentioned in the bill, and of which he claimed to be the owner by purchase under foreclosure proceedings, and for an account of the rents and profits thereof and a partition.   The trust was not established, and all the relief prayed by the bill was denied except partition and account as to certain lands which Dr. Taylor admitted, in his answer, were not covered by either of the mortgages on which the foreclosure proceedings were based, but which he had taken into his possession on the supposition that they were part of the mortgaged premises and which he had held accordingly. He admitted that he had no title thereto, and declared his readiness to yield up the possession thereof to the complainants, at the same time asserting his wife's interest therein as a tenant in common, which was not denied.   *Barnes* v. *Taylor*, 12 *C. E. Gr.* 266; *S. C. on appeal*, 1 *Stew.* 625.   The master allowed interest on the amount found due from Dr. Taylor, for rents and profits on the account, only from the date of filing the bill.   The complainants insist that he ought to have made annual rests, and to have charged compound interest.   Clearly, there is no ground for this claim of compound interest.   It is based on the allegation that

Barnes *v.* Taylor.

Dr. Taylor was a trustee of the property. But, as before stated, he entered into and kept possession of the property on the supposition that he was the owner of it under purchase at the forclosure sales; and, though his wife was the owner, as tenant in common, of an interest in the property, that fact did not make him a trustee for the other tenants in common. *Allen* v. *Barkley, Speer's Eq.* 264. Besides, it has been established and adjudged, in this suit, that he did not hold the property in trust. He should be required to pay interest, from the end of each year, on the amount of rents and profits for which he is held accountable for that year; and the complainants should be charged with interest, in like manner, on the amount with which they are chargeable for rents.

The master was directed to allow to Dr. Taylor, in the account, as against the amounts found due to the complainants, certain costs incurred in this suit and in another brought by the same complainants, with the exception of Elizabeth Paxson, against him and his wife in this court. He has not discriminated, as he ought to have done, in the allowance. He should not, of course, charge against Elizabeth Paxson's share of the money, for which Dr. Taylor is to account, the costs of the other suit. In this connection the exceptions as to the allowances of execution fees may be disposed of. It appears that the sheriff charged for forty-two adjournments of the sale, under the execution, for costs in each suit. The complainants except to the allowance, by the master, of the sheriff's fees for these adjournments. It is alleged that a stay of proceedings, under the executions, was granted by the court of appeals until the determination of the appeals in those suits, but what its particular character was, whether it was a stay of all proceedings or only of the sale, does not appear. This exception, therefore, will not be allowed.

The exception that the master allowed " other fees and percentages which were not chargeable against the complainants," is too general and indefinite to be considered.

The complainants further except because the master did not, in the account, credit the complainants with Mrs. Taylor's share of the costs of this suit. It is obvious that this exception cannot be sustained. So, also, of the exception based on the ground that the master did not credit the complainants, in the account of rents received by them from the property, with taxes paid by them on Dr. Taylor's individual property. They are entitled, in their account of rents and profits, to an allowance for any taxes paid by them for the property held in common during the time of their possession of it.

Dr. Taylor is entitled, in his account, to an allowance of the money paid by him, while he was in exclusive possession of the property, for necessary repairs to it.

Both the complainants and the defendants except to the report, on the ground that the master has reported that the property cannot be divided without great prejudice to the owners, and they agree that it can be divided into the requisite number of shares without prejudice.

The defendants except on the ground that the master has reported that part of the property designated as " the pasture lot," which lies between the westerly line of Dark lane and the feeder, as part of the property of which William Smith died seized. The order of reference directed him to " take testimony and examine the pleadings and evidence used before the chancellor on the hearing of this cause, as to the proper description of the land and premises in the bill mentioned, and of which William Smith died seized, not covered by the Cadwallader mortgage or by the Swift mortgage." The " pasture lot " was never, as far as appears, owned by William Smith. The bill, indeed, does allege that it was owned by him. It does not allege that the complainants lay any claim to that part of that lot which is south of Dark lane. The solicitor, by whom the bill was drawn, says, in his testimony before the master, that he did not discover the fact that that part of the pasture lot was not included in the description in the bill, until after the final hearing of this cause in this court. The master was in error in includ-

ing that part of the lot in the description of the land to be partitioned.   It is not embraced in this suit.   The first and second exceptions of Dr. Taylor, therefore, are sustained.

The third exception has reference to the part of the " pasture lot " which is embraced in the suit, and which was not covered by the Swift mortgage.   The objection is, that the master, in establishing a description of it, did so without competent evidence; that a survey of the property should have been made, and the result laid before the master as evidence.   I cannot, from anything that appears, adjudge that a survey was necessary.   The exception will be overruled.

The fourth exception is in reference to two other lots which the master has merely described by reference to the city atlas of Trenton, on which they appear to be laid down. He should have reported a description of these lots.

The fifth exception, which is to the report that the property cannot be divided without great prejudice, has already been disposed of in passing upon the exceptions of the complainants.

By the sixth exception, objection is made because the master, in fixing the amount for which Dr. Taylor is to account, in respect of certain rent received by him from John Kennedy, has made no deduction or allowance in respect to the share of his wife, who is one of the tenants in common.   In this, the master has erred.

The seventh exception, that the master erred in charging Dr. Taylor with rent received from Mrs. Cornell, at the rate of $60 a year, whereas he only received rent from her at the rate of $55 a year, is well taken.

The eighth, which is based on the non-allowance of $50, which, it is alleged, were allowed by Dr. Taylor to Pashley, as tenant of part of the property, is not well taken.   It does not appear, from the evidence, that Dr. Taylor made any allowance to Pashley for repairs to those premises.

The last exception was not presented for decision, it being suggested, by the counsel of the parties, that they could agree in reference to the matter which is the subject of it.